```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/29/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA                                          :
                                                                  :
                                                                  :
          -v-                                                     :   24-cr-127 (LJL)
                                                                  :
COREY GILMORE,                                                    :   OPINION AND ORDER
                                                                  :
                              Defendant.                          :
                                                                  :
------------------------------------------------------------------:
                                                                  X

LEWIS J. LIMAN, United States District Judge:

Defendant Corey Gilmore moves to dismiss the Indictment against him on the grounds that it is duplicitous. Dkt. No. 22. Defendant also argues that portions of each of the two counts against him are barred by the statute of limitations. *Id.*

For the following reasons, the motion to dismiss is denied.

## BACKGROUND

On March 5, 2024, a grand jury sitting in this District returned an Indictment against Defendant on two counts. Dkt. No. 8. Count One charges Defendant with violating 18 U.S.C. § 666(a)(1)(B) by soliciting and accepting approximately $27,000 in bribes from "at least in or about 2016 through at least in or about 2022," while an agent of the New York City Housing Authority ("NYCHA"), "in exchange for arranging for certain contractors to receive no-bid contracts from NYCHA." *Id.* Count Two charges Defendant with committing extortion under the Hobbs Act, 18 U.S.C. § 1951(b)(2), during the same time period and in connection with the same activity. *Id.*

The complaint supporting Defendant's arrest specifies that Defendant was a superintendent at various properties operated by NYCHA. Dkt. No. 1 ¶ 7. The charges stem

from his solicitation of approximately 27 bribes of approximately $1,000 each, paid by at least two separate contractors to obtain a series of no-bid purchase orders for work at the properties Defendant superintended.  *Id.* ¶ 8.

## DISCUSSION

Defendant argues that the Indictment should be dismissed because the charges in it are duplicitous and because certain of the conduct is time-barred.  Dkt. No. 22.  The Government opposes the motion.  Dkt. No. 25.

**I.   The Indictment is Not Impermissibly Duplicitous**

"An indictment is duplicitous if it joins two or more distinct crimes in a single count." *United States v. Aracri*, 968 F.2d 1512, 1518 (2d Cir. 1992).  "Duplicitous pleading, however, is not presumptively invalid."  *United States v. Olmeda*, 461 F.3d 271, 281 (2d Cir. 2006); *see United States v. Sturdivant,* 244 F.3d 71, 75 n.3 (2d Cir. 2001).  "A single count of an indictment should not be found impermissibly duplicitous whenever it contains several allegations that could have been stated as separate offenses, but only when the failure to do so risks unfairness to the defendant."  *United States v. Margiotta*, 646 F.2d 729, 733 (2d Cir. 1981) (internal citations omitted). The determination of whether a defendant is prejudiced by a duplicitous indictment is guided by "the policy considerations that underlie the doctrine," including "avoiding the uncertainty of whether a general verdict of guilty conceals a finding of guilty as to one crime and a finding of not guilty as to another, avoiding the risk that the jurors may not have been unanimous as to any one of the crimes charged, assuring the defendant adequate notice, providing the basis for appropriate sentencing, and protecting against double jeopardy in a subsequent prosecution."  *Id.* (internal citations and quotations omitted).  Even when an indictment combines two separate crimes in a single count, prejudice to the defendant can be avoided by requiring the Government to proceed on only one theory of liability at trial or

"through jury instructions and the verdict form." *United States v. Arguedas*, 2021 WL 5567749, at *1 (S.D.N.Y. Nov. 29, 2021) (citing *Sturdivant*, 244 F.3d at 79).

Defendant argues that "courts have held that the rule against duplicity is violated where a single count alleges multiple acts of bribery in violation of 18 U.S.C. § 666." Dkt. No. 22 at 3. Defendant asserts that Count One is duplicitous because it accuses him "of accepting multiple (but unspecified number of) bribes, from multiple (but unspecified number of) contractors, in exchange for helping them receive multiple (but unspecified number of) no-bid contracts," *id.* at 3–4, and that Count Two is duplicitous because it accused Defendant of "extorting an unspecified number of contractors on an unspecified number of occasions," *id.* at 4.

The Indictment is not impermissibly duplicitous under the law in the Second Circuit. Defendant cites the Fifth Circuit decision in *Bins v. United States*, 331 F.2d 390, 393 (5th Cir. 1964), *cert. denied*, 379 U.S. 880 (1964). *See* Dkt. No. 22 at 2 (citing *United States v. Kearney*, 444 F. Supp. 1290, 1295 (S.D.N.Y. 1978) (quoting *Bins*, 331 F.2d at 393)). The Second Circuit, however, has explicitly rejected "the law of the Fifth Circuit 'that any acts capable of being charged as separate offenses must be alleged in separate counts.'" *Aracri*, 968 F.2d at 1518 (quoting *Margiotta*, 646 F.2d at 733 (citing *Bins*, 331 F.2d at 393)). Instead, "under the law of this Circuit, 'acts that could be charged as separate counts of an indictment may instead be charged in a single count if those acts could be characterized as part of a single continuing scheme.'" *Id.* (quoting *United States v. Tutino,* 883 F.2d 1125, 1141 (2d Cir. 1989) (citation omitted), *cert. denied,* 493 U.S. 1081 (1990)). The only Second Circuit case cited by Defendant to support the notion that separate bribes and separate acts of extortion each must be charged in separate counts is the 1967 decision in *United States v. Cohen*, 384 F.2d 699 (2d Cir. 1967). But *Cohen* stands for the proposition that multiple payments made pursuant to a single bribery

3

agreement need not be charged in a single count. *See id.* at 700. "Nothing in *Cohen* dictates that a defendant *must* be charged with a separate offense for each particular alleged payment simply because he *may* be so charged." *United States v. McGuinness*, 764 F. Supp. 888, 892 (S.D.N.Y. 1991).[1]

As reflected in the complaint supporting Defendant's arrest, the charges in the Indictment relate to a continuing scheme to extract bribes from contractors seeking NYCHA business. Dkt. No. 1; *see United States v. Robinson*, 294 F. App'x 630, 632 (2d Cir. 2008). That same complaint gives notice to Defendant of the number of bribes, the number of contractors, and the number of no-bid contracts, as well as the locations of the contracts and details regarding how Defendant purportedly solicited the payments. Dkt. No. 1 ¶ 8. That level of detail protects Defendant against the theoretical risk that he would not be able to protect himself against double jeopardy in a subsequent prosecution. *See Margiotta*, 646 F.2d at 733. "[D]uplicity may actually inure to [the] defendant's benefit by 'limiting the maximum penalties' he might face if he were charged and convicted on separate counts for what amounts to a single scheme." *Olmeda*, 461 F.3d at 281 (quoting *Margiotta*, 646 F.2d at 733). Finally, to the extent that the evidence at trial fails to prove the existence of such a single continuing scheme, any prejudice to

---

[1] Defendant also cites *United States v. Karas,* 624 F.2d 500, 504 (4th Cir. 1980) and *United States v. Anderson*, 509 F.2d 312 (D.C. Cir. 1975). Dkt. No. 22 at 3. *Karas* holds that several bribes, each made as "installments of one overall bribe," can constitute separate acts of racketeering activity sufficient to support a RICO violation. 624 F.2d at 504. *Anderson* holds that consecutive sentences can be imposed on separate bribes each made as installments of the same transaction. 509 F.2d at 332–33. At most, these cases stand for the proposition that separate acts of bribery can be charged separately not that they need to be charged separately. *United States v. Tutein*, 122 F. Supp. 2d 575, 578 (D. Virgin Islands 2000), also cited by Defendant, Dkt. No. 22 at 3, is on point, but that opinion has never been adopted by any court in this Circuit.

4

Defendant can be cured by jury instructions and an appropriate verdict form with an interrogatory.  *See United States v. Rumore*, 2008 WL 2755827, at *4 (S.D.N.Y. July 14, 2008).[2]

**II.     Defendant's Challenge Based on the Statute of Limitations is Premature**

The Indictment, which was filed on March 3, 2024, charges Defendant with bribes and extortion from 2016 to 2022.  Dkt. No. 8.  Defendant argues that because of the five-year statute of limitations applicable to federal crimes, 18 U.S.C. § 3282, he can be charged only for conduct that occurred starting from March 2, 2019.  Dkt. No. 22 at 6–10.

Section 3282 of Title 18, which governs the time within which most noncapital federal offenses may be prosecuted, provides that "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282(a).  "[C]riminal limitations statutes are 'to be liberally interpreted in favor of repose.'" *Toussie v. United States,* 397 U.S. 112, 115 (1970) (quoting *United States v. Scharton*, 285 U.S. 518, 522 (1932)). "'Statutes of limitations normally begin to run when the crime is complete.'" *Id.* (quoting *Pendergast v. United States*, 317 U.S. 412, 418 (1943)).  "Ordinarily, completion occurs at the moment the defendant's conduct satisfies every element of the offense." *United States v. Green*, 897 F.3d 443, 448 (2d Cir. 2018); *see United States v. Sampson*, 898 F.3d 270, 277 (2d Cir. 2018).

However, "[a] continuing offense presents an exception to the rule."  *Green*, 897 F.3d at 448.  A crime is a continuing offense when "the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *Toussie*, 397 U.S. at 115; *see*

---

[2] The Court need not decide at this time whether an interrogatory would be necessary.

5

*United States v. Rivera-Ventura*, 72 F.3d 277, 281 (2d Cir. 1995). "A 'continuing offense' is, in general, one that involves a prolonged course of conduct; its commission is not complete [and the statute of limitations does not begin to run] until the conduct has run its course." *United States v. Eppolito*, 543 F.3d 25, 46 (2d Cir. 2008) (quoting *Rivera-Ventura*, 72 F.3d at 281). "If a defendant raises a statute-of-limitations defense under § 3282(a), the government bears the burden of proving compliance with the statute to a jury beyond a reasonable doubt." *Sampson*, 898 F.3d at 276.

The Second Circuit has not decided whether bribery under 18 U.S.C. § 666(a)(1)(B) or Hobbs Act extortion under 18 U.S.C. § 1951(b)(2) are continuing offenses for statute of limitations purposes. The Second Circuit has held that embezzlement in violation of 18 U.S.C. § 641 is not a continuing offense, emphasizing that the inquiry must focus on "the nature of the crime" and congressional intent rather than on the conduct described in the charging instrument. *See Green*, 897 F.3d at 449 (quoting *Toussie*, 397 U.S. at 115–21). In so doing, the Circuit endorsed the Seventh Circuit's reasoning in *United States v. Yashar*, 166 F.3d 873 (7th Cir. 1999), which held that embezzlement under 18 U.S.C. § 666 was not a continuing offense. *Green*, 897 F.3d at 449. However, the United States District Court for the Eastern District of New York has held that a charge under 18 U.S.C. § 661(a)(1)(B) that a defendant has engaged in a quo pro quo based on the receipt of a stream of benefits is timely as long as the Government proves that "some aspect of the particular *quid pro quo* scheme continued into the statute of limitations." *United States v. Mangano*, 2018 WL 851860, at *5 (E.D.N.Y. Feb. 9, 2018). The court distinguished cases involving embezzlement under 18 U.S.C. § 661(a)(1)(A): "Unlike embezzlement, theft, and obtaining property by fraud—the crimes embraced by § 661(a)(1)(A)—bribery under § 661(a)(1)(B) involves a quid pro quo and, as such, is properly chargeable

6

under a stream-of-benefits theory." *Id.*; *see also United States v. Fitzgerald*, 514 F Supp. 3d 721, 757–58 (D. Md. 2021) (holding that Congress intended to allow "stream of benefits" prosecutions under § 661(a)(1)(B), and therefore the continuing offense doctrine should apply).

The Second Circuit has held that Hobbs Act extortion is a continuing offense in the context of venue, and in doing so cited approvingly the decisions of "[s]everal courts [that] have held that Hobbs Act and extortion crimes involving multiple payments are continuing offenses for purposes of statutes of limitations." *United States v. Smith*, 198 F.3d 377, 384 (2d Cir. 1999). Moreover, the Second Circuit held in *United States v. Silver* that when prosecuting Hobbs Act extortion on a quid quo pro bribery theory, "the Government need only prove that some aspect of the particular *quid pro quo* scheme continued into the statute of limitations period." 864 F.3d 102, 122 (2d Cir. 2017). A number of courts both within and without this Circuit have held that Hobbs Act offenses that involve "a single, continuous plan of extortion envisioning multiple payments over several years" constitute a continuing offense. *United States v. Alperti*, 867 F. Supp. 142, 147 (E.D.N.Y. Nov. 4, 1994); *see United States v. Burfoot*, 899 F.3d 326, 338 (4th Cir. 2018) (holding that extortion count was not time-barred because it "allege[d] a continuous scheme of extortion and [defendant] committed acts in furtherance of that scheme within the five-year limitations period"); *United States v. Forszt*, 655 F.2d 101, 104 (7th Cir. 1981) ("Hobbs Act extortion is also a continuing offense so that no statute of limitations problem exists where, as here, there is a single continuous plan of extortion embracing multiple payments over a period of years."); *United States v. Provenzano*, 334 F.2d 678, 684-85 (3d Cir. 1964) (holding that there was no pertinent issue as to limitations when the defendant engaged in an "extortionate scheme which was a single and unified one" and "the payments were carried well into the post limitation period"); *United States v. Thompson*, 2008 WL 2127852, at *3 (W.D. La. May 19,

2008) (holding that a Hobbs Act extortion violation "is a continuing offense which does not present a statute of limitations problem as long as there is evidence of a continuous course of conduct or extortionate scheme, and the Government proves that at least one payment fell within the five-year period").³

The Government argues that Counts One and Two charge continuing offenses for statute of limitations purposes because Defendant engaged in similar conduct in a similar manner throughout the time period: he "collected a 'stream of multiple payments made periodically' from contractors who wanted Gilmore to award them NYCHA contracts or pay for work they had already completed." Dkt. No. 25 at 15 (quoting *Percoco*, 317 F. Supp.3d at 834).

Federal Rule of Criminal Procedure 12(b) allows "[a] party [to] raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Cr. P. 12(b)(1). "[A] party may raise and establish a statute-of-limitations defense via a Rule 12(b) motion … when the defense is clear from the face of the indictment." *Sampson*, 898 F.3d at 279. However, "[w]hen such a defense raises dispositive 'evidentiary questions,' a district court must defer resolving those questions until trial." *Id.*; *see United States v. Da Costa*, 2024 WL 3014329, at *3 (S.D.N.Y. June 13, 2024); *United States v. Levine*, 249 F. Supp. 3d 732, 736 (S.D.N.Y. 2017).

It cannot be determined "from the face of the indictment" that conduct before March 2, 2019 was *not* part of a scheme that continued into the statute of limitations period. *Sampson*,

---

³ *See also United States v. Percoco*, 317 F. Supp.3d 822, 834 (S.D.N.Y. 2018) (where an extortion scheme involves a "stream of multiple payments made periodically," the crime continues until the last of the extortionate payments and is not time-barred so long as the scheme continue into the five-year limitations period); *United States v. Salemme*, 1997 WL 37530, at *5 (D. Mass. Jan. 13, 1997) ("A single scheme of Hobbs Act extortion … spanning multiple years may be considered a continuing offense for statute of limitations purposes, among others.").

898 F.3d at 279. The criminal complaint alleges that defendant received bribes and extorted payments each in the amount of approximately $1,000 from two separate individuals for a total of approximately 25 different no-bid contracts. Dkt. No. 1 ¶ 8. "In a stream-of-benefits prosecution, the Government must prove an agreement for the ongoing stream of benefits, rather than 'stand alone bribes.'" *Fitzgerald*, 514 F. Supp.3d at 755 (quoting *United States v. Lopez-Cotto*, 884 F.3d 1, 8 (1st Cir. 2018). The conduct alleged in the complaint might be characterized as a series of stand-alone bribes, similar in nature but not otherwise connected to one another. *See Rumore*, 2008 WL 2755827, at *3 (holding that there was no single continuous plan of extortion where the conduct was "comprised of a large number of discrete, completed acts of extortion of the services of (presumably) numerous unnamed individuals, connected only by position and employer"). If so, any bribes before March 2, 2019, would be time-barred.

However, on the Government's theory of the case, the bribes were not isolated payments but were part of an ongoing relationship between the parties. Dkt. No. 25 at 16; *see Lopez-Cotto*, 884 F.3d at 8. Whether the Government can show this will depend on the evidence presented. On a motion to dismiss, the Court may not "look[] beyond the face of the indictment and [draw] inferences as to the proof that would be introduced by the government at trial." *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998). "[W]hether the allegations . . . are sufficiently cohesive as to constitute a single scheme" is an evidentiary question that cannot be resolved on a motion to dismiss the indictment. *Levine*, 249 F. Supp. 3d at 736–737; *see Sampson*, 898 F.3d at 279.

Moreover, even if conduct prior to March 2019 were time-barred, that would not provide a basis for dismissal of the Indictment. The Indictment is not defective. It charges conduct stretching through 2022 satisfying the elements of both Hobbs Act extortion and federal program

9

bribery, and the complaint cites many specific bribes occurring after March 2019. Dkt. No. 8; Dkt. No. 1 ¶ 8. Therefore, it is "an evidentiary question[]" whether the Government may prove each count of the Indictment based solely on conduct after March 2019. *Sampson*, 898 F.3d at 279. Although dismissal may be required when the only possible conduct underlying the indictment is time-barred, *cf. Toussie,* 297 U.S. at 113–14, this is not such a case. An indictment need not allege the factual basis for the charges with great precision, and "is sufficient as long as it (1) 'contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend,' and (2) 'enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Dawkins*, 999 F.3d 767, 779 (2d Cir. 2021) (quoting *United States v. Wedd*, 993 F.3d 104, 120 (2d Cir. 2021)). The Indictment here satisfies these minimal requirements even on the assumption that some conduct contained within it is time-barred. Indeed, it would create perverse incentives if the Government's attempt to put Defendant on notice of the full scope of the conduct it planned to raise at trial resulted in dismissal of the indictment for transgressing an uncertain statute of limitations boundary.[4]

Defendant's argument does present issues that the Court will have to resolve. It may be that certain of the conduct that precedes March 2, 2019, if it is not part of a crime that continued past March 2, 2019, would not be admissible in evidence. *See United States v. Hoey*, 2016 WL 270871, at *11 (S.D.N.Y. Jan. 21, 2016). If the only evidence that the Government proves

---

[4] If the evidence at trial supports both time-barred and permissible theories of an offense, a conviction for that offense may be valid if a jury instruction ensures that the jury only convicts based on the conduct which is not time-barred. *See Grunewald v. United States*, 353 U.S. 391, 408–411 (1957); *United States v. Wilson*, 26 F.3d 142, 158–59 (D.C. Cir. 1994); *United States v. Borelli*, 336 F.2d 376, 387 (2d Cir. 1964). This suggests that the difficulty created by an indictment spanning the statute of limitations boundary, if any arises, may be effectively cured by a jury instruction.

relates to crimes that were complete before March 2, 2019, the defense may have a motion for judgment of acquittal under Rule 29.  Furthermore, the Court will entertain a request for an appropriate jury instruction and verdict form to ensure that the only basis on which Defendant may be convicted is if he committed a crime that occurred at least in part after March 2, 2019.  *Cf. Wilson*, 26 F.3d at 158; *Rumore*, 2008 WL 2755827, at *4.  However, the teaching of *Sampson* is that all of those questions are the appropriate subjects of motions in limine, requests to charge, and motions at trial, and are premature at this stage where the Indictment does not rely on conduct that is clearly time-barred.

## CONCLUSION

The motion to dismiss the indictment is DENIED.  The Clerk of Court is respectfully directed to close Dkt. No. 22.

SO ORDERED.

Dated: August 29, 2024
      New York, New York

                                        LEWIS J. LIMAN
                                      United States District Judge