UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

UNITED STATES OF AMERICA,

        -v-

COREY GILMORE,

                Defendant.

------------------------------------------------------------------- X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _12/2/2024___
```

24-cr-127 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

The Court has attached to this Order a planned charge based on the submissions of the parties. The parties shall be prepared to discuss the charge at the final pretrial conference on December 5, 2024.

        SO ORDERED.

Dated: December 2, 2024
      New York, New York

                                   LEWIS J. LIMAN
                            United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| *v.* | 24 Cr. 127 (LJL) |
| COREY GILMORE, | |
| *Defendant.* | |

## I.    Introductory Instructions

You have now heard all of the evidence in the case as well as the final arguments of the parties.

### A.    Role of the Court and Jury

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If an attorney or a witness has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.  And you should know that you're going to be able to take a copy of these instructions into the jury room.

Your role is to decide the fact issues that are in the case.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence; you

determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them. I will later discuss with you how to consider the credibility—or believability—of the witnesses.

### B.    What Is and Is Not Evidence

In determining the facts, you must rely upon your own recollection of the evidence. The evidence before you consists of the answers given by witnesses—the testimony they gave, as you recall it—and the exhibits that were received in evidence. You may also consider the stipulations of the parties as evidence.

A question put to a witness is not evidence. It is only the answer that is evidence. However, if I directed you to disregard an answer, you should not consider it as evidence.

What the lawyers have said in their opening statements, closing arguments, objections, or questions is not evidence. If your recollection of the facts differs from the statements made in opening or closing, you should rely on your recollection. If a statement was made during an opening or summation and you find that there is no evidence to support the statement, you should disregard the statement.

Nothing I may have said during the trial or may say during these instructions about a fact should be taken as a substitute for your own independent recollection. What I say is not evidence. Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the guilt of the defendant has been proven beyond a reasonable doubt.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

In addition, remember that it is the duty of a party to object when the other side offers testimony or other evidence that the party believes is not properly admissible. Therefore, you should draw no inference from the fact that there was an objection to any evidence. An objection is not evidence. Nor should you draw any inference from the fact that I sustained or overruled an objection. Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance or significance. That is for you to decide.

### 1.    Translation

In this case, some witnesses testified in English and others testified in Punjabi. With respect to witnesses that testified in Punjabi, the English translations are the evidence. You may not rely on your own interpretation of the Punjabi, even if you understand Punjabi. The English translation is the evidence of what was said in Punjabi.

### 2.    Redactions

[IF APPLICABLE Some of the exhibits admitted into evidence include redactions of certain information. "Redacted" means that part of the document was taken out. There is nothing unusual or improper about such redactions. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted.]

4

### 3. Stipulations of Fact

[IF APPLICABLE In this case you have heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement between the parties that a certain fact or set of facts are true, and you must regard such agreed facts as true. It is for you to determine the effect or weight to give those agreed-upon facts.]

### 4. Stipulations of Testimony

[IF APPLICABLE You have also heard evidence in the form of stipulations of testimony. A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given that testimony in court. However, it is for you to determine the effect to be given to that testimony.]

### 5. Limited Purpose

If certain testimony or evidence was received for a limited purpose, you must follow the limiting instructions I have given and use the evidence only for the purpose I indicated.

## C. Presumption of Innocence and Burden of Proof

Now, I will instruct you on the presumption of innocence and the government's burden of proof in this case. The defendant has pleaded not guilty. By doing so, he denies the charges in the Indictment. Thus, the government has the burden of proving the charges against the defendant beyond a reasonable doubt. The defendant is presumed innocent. A defendant does not have to prove his innocence. This presumption of innocence was in the defendant's favor at the start of the trial, continued in his favor throughout the entire trial, is in his favor even as I instruct you now, and continues in his favor during the course of your deliberations in the jury room.

The government has the burden of proof in this case. The presumption of innocence is removed as to the defendant if and only if you, as members of the jury, are satisfied that the

Government has sustained its burden of proving the guilt of the defendant beyond a reasonable doubt.

The question that naturally arises is, "What is a reasonable doubt?"  A reasonable doubt is a doubt based on your reason, your judgment, your experience, and your common sense.  It is a doubt that a reasonable person has after carefully weighing all the evidence.  It is a doubt founded in reason and arising out of the evidence in the case—or the lack of evidence.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  It is practically impossible for a person to be absolutely and completely convinced of any disputed fact that, by its very nature, cannot be proven with mathematical certainty.  The government's burden is to establish guilt beyond a reasonable doubt, not all possible doubt.

If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you do have an abiding belief of the defendant's guilt, such a belief as a prudent person would not hesitate to act upon in important matters in the personal affairs of his or her own life, then you have no reasonable doubt, and under such circumstances it is your duty to convict.  On the other hand, if, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you are not satisfied with the guilt of the defendant, that you do not have an abiding belief of the defendant's guilt—in other words, if you have such a doubt as would reasonably cause a prudent person to hesitate in acting in matters of importance in his or her own affairs—then you have a reasonable doubt, and in that circumstance it is your duty to acquit.

### D.    Direct and Circumstantial Evidence

There are two types of evidence that you may properly use in deciding whether the defendant is guilty or not guilty of the crimes with which he is charged.

One type of evidence is called direct evidence.  Direct evidence of a fact in issue is presented when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise observed through the five senses.  The second type of evidence is circumstantial evidence.  Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

There is a simple example of circumstantial evidence that is often used in this courthouse. Assume that when you came into the courthouse this morning, the sun was shining, and it was a nice day outside.  Also assume that the courtroom shades were drawn, and you could not look outside.  Assume further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, you would have no direct evidence of that fact.  But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence.  You infer on the basis of your reason, experience, and common sense from one established fact the existence or the nonexistence of some other fact.

Many material facts, such as a person's state of mind, are not easily proven by direct evidence.  Usually, such facts are established by circumstantial evidence and the reasonable inferences you draw.  Circumstantial evidence may be given as much weight as direct evidence. The law makes no distinction between direct and circumstantial evidence.  The law simply requires

that before convicting a defendant, you must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all of the evidence in the case.

During the trial you may have heard the parties use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. An inference is a deduction or conclusion that you, the jury, are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists. In drawing inferences, you should exercise your common sense. You are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

There are times when different inferences may be drawn from facts, whether proven by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

### E.     Improper Considerations

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. As I told you at the beginning of this case, you must not conduct any independent research about this case, the matters in this case, and the parties involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, social media platforms, or use any other electronic tools to obtain information about this case or to help you decide the case. You must not visit any location mentioned in this case for the purpose of investigating it. Please do not try to find out information from any source

8

outside the confines of this courtroom.

You must not talk to anyone about this case or use any tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through email, instant messaging, text messaging, through any blog or website, through any internet chat room, or by way of any other social networking platforms, including Facebook, Twitter (or "X"), Instagram, Threads, LinkedIn, Snapchat, TikTok, and YouTube.

If you become aware that any other juror is violating or has violated this instruction, you should immediately bring it to my attention through my Courtroom Deputy, Mr. Fishman, but please do not make it known to any other jurors.

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

The personalities and the conduct of counsel are not in any way at issue. If, from their conduct at this trial, you formed opinions of any kind about any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior, those opinions should not enter into your deliberations. The only issue is whether the government has proven each of the elements of the charged offenses beyond a reasonable doubt.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether the government or individuals, stand as equals at the bar of justice.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex, or age.  As I have explained to you, all persons are entitled to the presumption of innocence, and the government has the burden of proof.

It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

I also caution you that, under your oath as jurors, you cannot allow to enter into your deliberations any consideration of the punishment that may be imposed upon the defendant if he is convicted.  The duty of imposing a sentence in the event of conviction rests exclusively with the court, and the issue of punishment may not affect your deliberations as to whether the government has proven the defendant's guilt beyond a reasonable doubt.

Under your oath as jurors, you are not to be swayed by sympathy.  I must make clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: has the government proven the guilt of the defendant beyond a reasonable doubt?

Reasonable doubt is not whim or speculation. It is not an excuse to avoid an unpleasant duty. Nor is it sympathy for the defendant or for any party.  A doubt based on any of the impermissible considerations I have just outlined for you is not a reasonable doubt. Similarly, a guilty verdict cannot be based on any of those impermissible considerations.  To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

If you have a reasonable doubt as to the defendant's guilt, you should not hesitate for any reason to return a verdict of not guilty. On the other hand, if you should find that the government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate for any reason to return a verdict of guilty.

### F.    The Indictment

The defendant, Corey Gilmore, has been formally charged in an indictment. An indictment is not evidence. As I instructed you at the outset of this case, an indictment is a charge or accusation. It merely describes the charges made against a defendant. An indictment is a formal method of bringing a case into court for trial and determination by a jury. It creates no presumption that a crime was committed, and no inference of any kind may be drawn from an indictment. You may not consider an indictment as any evidence of the defendant's guilt. The fact that the defendant is the subject of this Indictment and is on trial here may not be used against him in any way whatsoever.

Before you begin your deliberations, you will be provided with a copy of the Indictment. I will not read the entire Indictment to you at this time. Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each of the offenses.

The Indictment contains two counts. Each count charges a separate offense or crime. You must, therefore, consider each count separately and you must return a separate verdict on each count.

## II.    Substantive Instructions

### A.    Count One: Solicitation or Receipt of a Bribe as Agent of Federally Funded Program

Let me turn now to Count One of the Indictment, which charges the defendant with

11

soliciting or accepting bribes in connection with his position as an agent of a federally funded program — here, the New York City Housing Authority ("NYCHA") — from in or about 2016 through in or about 2023.

To sustain its burden of proof with respect to Count One, the government must prove beyond a reasonable doubt each of the following five elements:

<u>First</u>, that at the time alleged in the Indictment, the defendant was an agent of NYCHA;

<u>Second</u>, that NYCHA received federal benefits in excess of $10,000 from the United States government within a one-year period;

<u>Third</u>, that the defendant solicited, demanded, accepted, or agreed to accept something of value from another person;

<u>Fourth</u>, that the defendant acted corruptly with the intent to be influenced or rewarded with respect to business, a transaction, or multiple transactions of NYCHA; and

<u>Fifth</u>, that the value of the business, transaction, or series of transactions to which the payments related was at least $5,000.

I will now explain each of those elements to you in greater detail.

### 1.    First Element: Agent of NYCHA

The first element the government must prove is that the defendant was an agent of NYCHA at the time alleged in the Indictment.

An "agent" is a person authorized to act on behalf of another person, organization or government.  Employees, including building superintendents and assistant superintendents, all are agents of the organization by which they are employed.

### 2.    Second Element: NYCHA Received Federal Funds

The second element the government must prove is that NYCHA received federal benefits in excess of $10,000 within a one-year period.  That one-year period can be any one of the twelve-month periods between approximately 2016 and 2023, and the one-year period must have begun no more than 12 months before the defendant committed the alleged offense and ended no more than 12 months after he committed the alleged offense.  And a twelve-month period for this purpose may begin in any month during that 2016 to 2023 period.  It does not have to begin in a month of January.

To prove this element, the government must establish that NYCHA received, during at least one twelve-month period, benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or some other form of federal assistance.

The government does not have to prove that the defendant had the authority to administer these federal benefits.  Nor does the government have to prove any connection between the unlawful payments alleged to have been made to and received by the defendant in this case and the federal funding that NYCHA allegedly received.

### 3.    Third Element: Solicitation or Acceptance of Something of Value

The third element the government must prove is that, during a one-year period that NYCHA received federal benefits in excess of $10,000, the defendant accepted, agreed to accept, solicited, or demanded something of value for himself or for another person.

The statute makes no distinction among accepting, agreeing to accept, soliciting, or demanding a bribe, payment, or other thing of value.  Soliciting or demanding a bribe or payment is just as much a violation of the statute as actually receiving one.  Moreover, you need

13

not find that the defendant did all of these things.  If you find that the evidence proves that the defendant did at least one of these things, then this element will have been satisfied.

Money of course is a "thing of value."   But the payment or "thing of value" required by this element does not include *bona fide* salary, wages, fees, or other compensation paid in the usual course of business.

### 4.    Fourth Element: Corrupt Intent in Connection with Transaction

The fourth element the government must prove is that the defendant accepted, agreed to accept, solicited, or demanded something of value corruptly and with the intent to be influenced or rewarded in connection with some business, transaction, or series of transactions of NYCHA.

To act corruptly means simply to act voluntarily and intentionally with an improper motive or purpose to be influenced or rewarded. This involves conscious wrongdoing, or as it sometimes has been expressed, having a bad state of mind.

To satisfy this element, the government must prove the existence of a *quid pro quo*.  *Quid pro quo* is simply a Latin phrase meaning "this for that" or "these for those."  Thus, the government must prove that the defendant intentionally accepted, agreed to accept, solicited, or demanded a thing of value in exchange for being influenced in connection with some business, some transaction, or a number of transactions of NYCHA.

A *quid pro quo* must be clear and unambiguous.  But at the same time, it is not necessary that the defendant or the person making the payment state the *quid pro quo* in express terms. Rather, it can be implied from words and actions, so long as you find that the defendant understood at the time that a thing of value was being exchanged for his actions or influence on behalf of NYCHA.

In considering this element, remember that it is the defendant's intent at least in part to be influenced or rewarded that is important, not the subsequent actions of the defendant or NYCHA. Thus, the government does not have to prove that the defendant received a bribe or that he actually acted or was influenced in acting on behalf of NYCHA.  It is not even necessary for the defendant to have had the authority to perform the act sought.  The government will have met its burden with respect to this element if you find that the defendant acted with intent to be influenced or rewarded when he accepted, agreed to accept, solicited, or demanded the alleged bribe.  However, if you find only that the defendant later accepted a thing of value for an action that he already had taken before any such reward was solicited, demanded, agreed to, or accepted, then the government will not have met its burden with respect to this element.  In addition, the defendant's intent to be influenced or rewarded in connection with the following types of actions, without more, is not sufficient to establish this element: setting up a meeting, hosting an event, talking to another official, or sending a subordinate to a meeting.  You may, however, consider any evidence that the defendant took those actions as evidence of a corrupt agreement, even though on its own it would not be sufficient.

### 5.    Fifth Element: Value of Transaction

The fifth element the government must prove is that the value of the business, transaction, or transactions to which any allegedly corrupt payments related totaled at least $5,000.

The government is not required to prove that the defendant received at least $5,000. It is the aggregate value of the business, transaction, or transactions to which any alleged payments related that is important for the purposes of this element.

15

* * *

In sum, if you find that the government has proven beyond a reasonable doubt all five elements of the crime charged in Count One, then you should find the defendant guilty on Count One and mark "Guilty" on the verdict form. However, if you find that the government has not met its burden with respect to any one of these elements, then you must find the defendant not guilty on Count One and mark "Not Guilty" next to Count One on the verdict form. Regardless of your answer, you will then proceed to Count Two.

### B.    Count Two: Extortion Under Color of Official Right

Count Two of the Indictment charges the defendant with extortion under color of official right from in or about 2016 through in or about 2023.

Extortion under color of official right is the use of one's position as a public official, a public employee, or the authority of public office, to obtain money or services for one's self or for another person that is not legitimately due, while knowing that the thing of value was obtained in return for official acts. In the context of extortion under color of official right, it is the public officer's official power that supplies the necessary element of coercion, and the wrongful use of official power need not be accompanied by actual or threatened force, violence, or fear.

With respect to Count Two, the government must prove beyond a reasonable doubt the following four elements.

First, that the defendant was a public official, or held public office, during the relevant period of time;

Second, that the defendant obtained property or services for himself or for someone else that was not legitimately due to him as a public official;

16

Third, that the defendant was given this property or service with the consent of the giver in exchange for official action by the defendant, and that the defendant knew that the property was given in exchange for official action; and

Fourth; that interstate commerce or an item moving in interstate commerce was delayed, obstructed, or affected in any way or degree.

### 1.    First Element: Defendant Was a Public Official

The first element that the government must prove is that, at the time of the events charged in the Indictment, the defendant was a public official, or held public office.  The term "public official" extends to any person who exercises official powers, regardless of whether those powers were conferred by election, appointment, or some other method.  It includes employees of state and local governments and government agencies.

### 2.    Second Element: Obtaining Property Not Due to Public Official

The second element that the government must prove is that the defendant obtained property for himself or for another person that was not legitimately owed to him or to his office — that is, that was not legitimately owed to the defendant in his capacity as a NYCHA employee. The term "property" includes money and tangible or intangible things of value that are capable of being transferred, or capable of being given from one person to another.

The government does not have to prove that the property was given to the defendant directly or that it personally benefitted the defendant.  However, the government *does* have to prove that the goods or services obtained were not due or owing to the office that the defendant represented.

### 3.    Third Element: Misuse of Position in Exchange for Official Action

The third element the government must prove is that is that the defendant used the

authority of his public office to obtain the property for himself or for another person and that the property was given, at least in part, in exchange for official action by the defendant.

This element again requires the existence of a *quid pro quo*. To prove a *quid pro quo* for this element, the government must prove that the defendant obtained the property to which he was not entitled by virtue of his public office, knowing that it was given in exchange for official acts. The government must prove also that the party giving the property was motivated, at least in part, by the expectation that, as a result of the payment, the defendant would perform or decline to perform official acts for the benefit of that party, and that the defendant was aware of that party's motivation.

Recall that it is not necessary that the *quid pro quo* be stated in express terms. A *quid pro quo* can be implied from words and actions, because otherwise the law's effect could be frustrated by knowing winks and nods. But a *quid pro quo* nonetheless must be clearly and unambiguously made.

This element can be satisfied even if the party giving the payment initiated the *quid pro quo* and even if that party and the defendant had a friendly or prior relationship. If you find that to be the case, however, that is a factor that you should consider in deciding whether the party giving the payment and the defendant intended to enter into a *quid pro quo*. The government's burden is to prove that the promise or performance of official acts was at least a part of the motivation for the other party to give over the payment and at least part of what the defendant understood was motivating the other party. Thus, if you find that the transfer or acceptance of payment was for entirely different reasons — such as stemming from friendship or any other innocent reason — then this element will not have been proven.

The government does not need to prove that the defendant could have performed or

actually did perform any specific official act on behalf of the party giving the property. A public official need not have actual or final authority over the official act sought by a payor as long as the payor reasonably believed that the public official had influence, power, or authority over the official act sought by the payor and paid based, at least in part, on that belief. If the defendant did take official action on behalf of the payor, it is not a defense if the actions he took were desirable or beneficial or that he would have taken the same action regardless of the receipt of the property from the other party. The extortion laws are concerned with the manner in which public officials take or agree to take official action, not with whether the official actions are good or bad.

I have mentioned several times that Count Two involves payments in exchange for "official action" or an "official act." An official act means any decision or action on a specific matter that may at any time be pending or that may by law be brought before any public official in his or her official capacity. An official act must involve a decision or action on a specific question or matter. Thus, you must find that two distinct requirements are met to find an official act. First, there must be a question or matter pending before a public official. Second, there must be a decision or action on that question or matter.

The question or matter must involve a formal exercise of governmental power. That is, it must be something specific and focused that is pending or may by law be brought before any public official, but not necessarily the official who is alleged to have demanded, received, or accepted property. "May by law be brought" means something within the specific duties of an official's position — the function conferred by the authority of that official's office. It also means that the question or matter must be something relatively circumscribed and concrete.

To qualify as an official act, the public official must make a decision or take an action on the applicable question or matter or agree to do so. The decision or action does not need to be

specifically described in any law, rule, or job description to be considered to be an official act. The decision or action may include using one's official position to exert pressure or provide advice to another, knowing or intending that such pressure or advice will form the basis for an official act by another. However, not every action taken by a public official qualifies as an official act. Some examples of actions that are not, without more, official acts are setting up a meeting, talking with a lobbyist, organizing an event, or expressing support for an action, decision, or idea. But that is not to say that sort of activity is not relevant. For example, such activity may be evidence of an agreement to take official acts or to advise or pressure another official to take official acts.

### 4.    Fourth Element: Effect on Interstate Commerce

The fourth element the government must prove is that the defendant's action or an action that he caused affected or could affect interstate commerce in any way or degree. If you decide that the defendant obtained property under color of official right, you then must decide whether this action did affect, or would have affected, commerce between any two or more states, or between a state and the District of Columbia. "Commerce between two or more states" just means that items are bought and sold by entities located in different states or between a state and the District of Columbia.

If you decide that there was any effect at all on interstate commerce, then that is enough to satisfy this element. The effect can be minimal. For example, if property or payment obtained by a defendant depleted the funds available to a payor for the purchase of goods or supplies that went through interstate commerce, that would suffice. Even a potential or subtle effect on commerce will suffice.

You do not have to decide whether the effect on interstate commerce was harmful or

beneficial to a particular person or business, or to commerce in general.  Moreover, a defendant need not have intended or anticipated an effect on interstate commerce.  You may find that this element is satisfied if the effect on interstate commerce would have been a natural consequence of the actions he agreed with others to undertake.

\*    \*    \*

In sum, if you find that the government has proven beyond a reasonable doubt all four elements of the crime charged in Count Two, then you should find the defendant guilty on Count Two and mark "Guilty" on the verdict form.  However, if you find that the government has not met its burden with respect any one of these elements, then you must find the defendant not guilty on Count Two and mark "Not Guilty" next to Count Two on the verdict form.

### C.    Variance in Dates

You will note that the Indictment alleges that certain acts occurred on or about various dates.  It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date.  The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

### D.    Statute of Limitations

The period of limitations for both bribery and extortion is five years. This means that you cannot find the defendant guilty of crimes that occurred completely before March 2, 2019.

The burden is on the government to prove beyond a reasonable doubt that the defendant committed the charged crimes within the statute of limitations.  The government may meet its burden by showing that the defendant committed acts of bribery or extortion after March 2, 2019.  The government may also meet its burden by showing that the defendant engaged in a continuous scheme of bribery or extortion that extended from before March 2, 2019, to after March 2, 2019.

A continuous scheme means that there is a single agreement for an ongoing stream of benefits, rather than separate, stand-alone bribes or extortionate acts.

The government may not meet its burden by showing only that the defendant committed acts of bribery or extortion before March 2, 2019.  If you find that the defendant only committed acts of bribery or extortion before March 2, 2019, and not after that date, you must find the defendant not guilty.

### E.     Venue

As to each charge, the Government, in addition to proving the essential elements of that charge, must also establish that venue was proper in the Southern District of New York, which includes all of Manhattan and the Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties. Unlike the elements of the offenses, which must be proven beyond a reasonable doubt, the Government is only required to prove venue by a preponderance of the evidence. A preponderance of the evidence means that it is more probable than not that some act in furtherance of the crime occurred in this District.

The Government does not have to prove that a completed crime was committed within the Southern District of New York, or that the defendant was ever in the Southern District of New York. It is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged occurred in this District. The act itself may not be a criminal act. And the act need not have been taken by the defendant, so long as the act was part of the crime that you find the defendant committed.

Thus, with respect to each of the two counts, the Government has satisfied its venue obligation if you conclude that it is more likely than not that any act in furtherance of the crime charged occurred within this District, even if other acts in furtherance of the crime charged occurred outside of this District. If you find that the government has failed to prove this venue

requirement, then you must acquit the defendant of this charge.

## III.   Additional Instructions

### A.   Credibility of Witnesses

I'm now going to briefly discuss evaluating the credibility of witnesses.

You have had the opportunity to observe the witnesses.  It is now your job to decide how believable or credible each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.  How do you judge the credibility of witnesses?  There is no magic formula.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the reasonableness of the witness's statement, the strength or weakness of the witness's recollection viewed in light of all other testimony and evidence, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case.  You should use your common sense, your good judgment, and your everyday experiences in life to make credibility determinations.

In passing upon the credibility of a witness, you may also take into account any inconsistencies or contradictions as to material matters in his or her testimony.

If you find that any witness has willfully testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety.  On the other hand, even if you find that a witness has testified falsely about one matter, you may reject as false that portion of his or her testimony and accept as true any other portion of the testimony which commends itself to your

23

belief or which you may find corroborated by other evidence in this case. A witness may be inaccurate, contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his or her testimony.

The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you? It is for you to say whether his or her testimony at trial is truthful in whole or in part.

### 1.    Interested Witnesses

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party. You should also take into account any evidence of any benefit that a witness may receive from the outcome of the case.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Of course, the mere fact that a witness is interested in the outcome of the case does not mean he or she has not told the truth. It is for you to decide from your observations and applying your common sense and experience and all the other considerations mentioned whether the possible interest of any witness has intentionally or otherwise colored or distorted his or her testimony. You are not required to disbelieve an interested witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

### 2.    Government Employees

You have heard the testimony of government employees. The fact that they are employed by the government does not mean that their testimony is deserving of more or less consideration,

or greater or lesser weight, than that of an ordinary witness.  At the same time, in considering the credibility of such witnesses, you are entitled to consider whether their testimony may be colored by personal or professional interests in the outcome of the case. It is your decision, after reviewing all the evidence, whether to accept the testimony of these government employee witnesses, and to give that testimony whatever weight, if any, that you find it deserves.

3.    **Grant of Immunity**

You have also heard the testimony of witnesses who testified under grants of immunity from this Court.  What this means is that the testimony of the witnesses may not be used against them in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this Court.  The grant of immunity given to a witness for his testimony does not protect the witness against criminal prosecution for any crime if the government proves the person's guilt using evidence which is not directly or indirectly derived from the witness's immunized testimony.

You are instructed that the government is entitled to call, as a witness, a person who has been granted immunity by order of this Court and that you may convict the defendant on the basis of such a witness's testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

You should closely examine the testimony of each such witness to determine whether or not it is colored in any way to further the witness's own interests.  If, after a careful examination of the witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should give it such weight as you believe it deserves.

It is no concern of yours why a witness received court-ordered immunity.  Your sole concern is whether the witness has given truthful testimony in this trial.  That is a determination entirely for you, the jury.

### 4.    Preparation of Witnesses

[IF APPLICABLE You have heard evidence during the trial that witnesses had discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court. Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying, so that the witness can be made aware of the subjects that he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  In fact, it would be unusual for a lawyer to call a witness without such consultation.  Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.]

### 5.    Number of Witnesses

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses.  Keep in mind that the burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.  At the same time, the government is not required to prove the essential elements of either offense by any particular number of witnesses.  The testimony of a single witness may be sufficient to convince you beyond a reasonable doubt of the existence of the essential elements of the offense you are considering if you believe that the witness has truthfully and accurately related what they have told you.

### 6.    Defendant as Witness

[IF APPLICABLE In this case, the defendant testified, and he was subject to cross-examination like any other witness.  You should examine and evaluate his testimony just as you

would the testimony of any witness.]

[IF APPLICABLE The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he is innocent.

You may not speculate as to why the defendant did not testify. There are many reasons why a defendant may decide not to testify. You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.]

### B.    Uncalled Witnesses

[IF APPLICABLE You have heard the names of several people during the course of the trial who did not appear here to testify and one or more of the attorneys may have referred to their absence. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. However, the government bears the burden of proof; the defendant does not. Therefore, you should not draw any inferences or reach any conclusions as to what these persons would have testified to had they been called. Their absence should not affect your judgment in any way.]

### C.    Persons Not on Trial

You may not draw any inference, favorable or unfavorable, toward the government or the defendant from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now. Those matters are

wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

### D.    Particular Investigative Techniques Not Required

You have heard reference to the fact that certain investigative techniques were not used by law enforcement authorities. There is no legal requirement that the government prove its case through any particular means. Although you are to carefully consider the evidence adduced by the government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The government is not on trial, and law enforcement techniques are not your concern. Your concern is to determine whether, on the evidence or lack of evidence, a defendant's guilt has been proven beyond a reasonable doubt.

### E.    Internal Policies

[IF APPLICABLE You have heard testimony and seen evidence during the trial that NYCHA allegedly had internal policies prohibiting employees from requesting or accepting money in exchange for awarding contracts, and that the defendant allegedly was made aware of these policies and signed documents stating that he understood his obligations.

This evidence may be considered by you solely for the purpose of assessing the defendant's knowledge and state of mind. It may not be considered for any other purpose. In particular, the defendant is not on trial for, and may not be convicted of, allegedly violating NYCHA's internal policies. He is on trial only for the two specific federal crimes that are alleged in the Indictment, the elements of which I have already explained to you.]

### F.    Crimes Committed by Others

You have heard testimony or seen evidence regarding other NYCHA employees who allegedly solicited and/or accepted bribes from contractors in exchange for awarding contracts. This evidence is to be considered by you solely for the purpose of showing the contractor witnesses'

knowledge and understanding relating to the alleged solicitation and acceptance of bribes by NYCHA employees other than the defendant, or to help you understand why the contractors in question behaved as they did in their interactions with the defendant. It may not be considered for any other purpose.

Let me remind you that the defendant is not on trial for any conduct committed by other NYCHA employees — he is on trial solely for the crimes charged against him in the Indictment. Accordingly, you may not convict him for any crimes that other NYCHA employees may have committed. And you may not consider the testimony of bribes solicited or accepted by other NYCHA employees as evidence that Mr. Gilmore, too, was soliciting or accepting bribes.

## IV.    Instructions Regarding Deliberations

Your function now is to weigh the evidence in this case and to determine if the government has sustained its burden of proof with respect to each count of the Indictment.

You must base your verdict solely on the evidence, and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law.  You have been chosen to reach a verdict on the basis of the evidence or lack of evidence. Both sides are entitled to a fair trial.  You are to make a fair and impartial decision so that you come to a just verdict.

You are about to go into the jury room and begin your deliberations.  A list of exhibits that were received into evidence will be provided to you in the jury room.  If you want to see an exhibit, you may request that.  If you want any of the testimony read back to you, you may also request that. If you want to see an exhibit or if you want testimony read back to you, please try to be as specific as you possibly can so that we can identify the correct exhibit and because, in the case of testimony, the court reporter will have to look through the transcript, and the parties will have to agree on what portions of testimony may be called for in response to your request, and if they disagree, I must resolve those disagreements.  If you have any questions regarding my instructions to you, you should also send me a note.

Your requests for exhibits or testimony—in fact any communications with the Court— should be made to me in writing, signed by your foreperson, and given to one of the marshals or the court security officer.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

If any one of you took notes during the course of the trial, you should not show your notes to, or discuss your notes with, any other jurors during your deliberations.  Any notes you have taken are to be used solely to assist you.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.  Finally, your notes are not to substitute for your recollection of the evidence in the case.  If, during your deliberations, you have any doubt as to any of the testimony, you may—as I just told you—request that the official trial transcript that has been made of these proceedings be read back to you.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an

opinion when convinced that it is erroneous. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and follow my instructions on the law.

When you are deliberating, all twelve jurors must be present in the jury room. A group of fewer than twelve jurors is just an assemblage of persons; it is not a jury. If a juror is absent, you must stop deliberations.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs for the purpose of returning a unanimous verdict.

If you are divided, do <u>not</u> report how the vote stands. If you reach a verdict do not report what it is until you are asked in open court.

I have prepared a verdict form for you to use in guiding your deliberation and recording your decision. Please use that form to report your verdict.

The first thing you should do when you retire to deliberate is take a vote to select one of you to sit as your foreperson, and then send out a note indicating whom you have chosen.

The foreperson does not have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion. The foreperson is merely your spokesperson to the court. He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal or court security officer that the jury has reached a verdict, and you will come into open court and give the verdict.

After you have reached a verdict, your foreperson will fill in and date the form that has been given to you. All jurors must sign the form reflecting each juror's agreement with the verdict. The foreperson should then advise the marshal or court security officer outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

At this time, the first twelve jurors will begin their deliberations in the case. The final two jurors, who are alternates, will not deliberate at this time. Nevertheless, the alternate jurors are not quite excused. While the jury conducts its deliberations, you do not have to be in court, but you should give Mr. Fishman phone numbers where you can be reached, because it is possible that you could be needed to deliberate if a juror is unable to continue. Mr. Fishman will call you when deliberations are completed so that you will know you are completely finished.

Between now and then, you must continue to observe all the restrictions I have instructed you on throughout the trial. That is, you must not discuss this case with anyone, including the other jurors, other people involved in the trial, members of your family, friends, co-workers, or anyone else. And until a verdict is reached, as I have already instructed, you may not communicate with anyone about the case in any way. If anyone approaches you and tries to talk to you about the case, please report that to me, through Mr. Fishman, immediately.

Do not listen to or watch or read any news reports concerning this trial if there were to be any; do not do any research on the Internet or otherwise. The reason for this of course is that should you be asked to participate in reaching a verdict in this case, the only information you will be allowed to consider is what you learned in this courtroom during the trial. Please accept my heartfelt

gratitude for your service.

I am sorry that you will likely miss the experience of deliberating with the jury, but the law provides for a jury of twelve persons in this case.  So before the rest of the jury retires to the jury room, if you have any clothing or objects there you are asked to pick them up and to withdraw before any deliberations start.  Without discussing the case, you may also say your goodbyes to your fellow jurors.

*       *       *

In conclusion, members of the jury, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here.